Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREWS,<br><br>                      Plaintiff,<br><br>   vs.<br><br>BLUESTEM BRANDS, INC. D/B/A<br>FINGERHUT, A DELAWARE<br>CORPORATION,<br><br>                   Defendant | Case No. **'14CV0744 L    JMA**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, James Andrews, (hereinafter "Plaintiff") against Bluestem Brands, Inc. d/b/a Fingerhut, a Delaware Corporation (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA") the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, (hereinafter "TCPA") which prohibits the making of unconsented to phone calls to cell phones. All undesignated section references to §1692 are to the FDCPA, to section 1788 are to the Rosenthal Act and to 47 U.S.C. §277 are to the TCPA.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

## JURISDICTION

3.      Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

4.      As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

5.      Plaintiff is a natural person residing in Riverside County, California.

6.      Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and purportedly obligated to pay a credit card debt to Fingerhut (hereinafter "Debt") which allegedly was in default at the time of Defendant(s) violations herein.

7.      Plaintiff is a "debtor" as that term is defined by Civil Code section 1788.2(h).

8.      Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9.      Defendant Bluestem Brands, Inc. d/b/a Fingerhut is an online retailer and national catalog business. Defendant is a Delaware business entity with a registered address of 1209 Orange Street, Wilmington, Delaware 19801. Defendant regularly does business in this District.

10.     Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase

is defined by § 1692a(6).

11.   Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in Civil Code section 1788.2(c).

## FACTUAL ALLEGATIONS

12.   At all times herein, Defendant was attempting to collect an alleged debt from Plaintiff, as debt is defined by § 1692a (5) of the FDCPA.

13.   At all times herein, Defendant was attempting to collect the alleged debt, from Plaintiff, that debt was a consumer debt as defined by section 1788.2(f) of the Rosenthal Act. At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to collect the debt.

14.   Beginning on or about January 7, 2014, and on multiple occasions since that time, including but not limited to January 17 through 24, 26 through 31, February 1 through 7 and 9 through 14, Defendant contacted and/or attempted to contact Plaintiff by phone calls as much as 88 or more times.

15.   Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

16.   These phone calls were communications within the meaning of § 1692a(2) debt collections as defined in Civil Code section 1788.2(b)

17.   By engaging in the foregoing conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated § 1692d.

18.   Defendant placed these calls to Plaintiff's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

19.   Plaintiff or Plaintiff's wife answered some of these calls and there was a

several second pause with "dead air" before a live Fingerhut operator came onto the line. Sometimes no live operator ever came on the line. This pause or dead air is indicative of the use of an automatic telephone dialing system.

20.     During some or all of these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

24.     These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

25.     Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     Defendant's misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

27.     Plaintiff was harmed by the acts of Defendant including but not limited to the following ways: Defendant's calls to Plaintiff's cellular phone caused Plaintiff to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff previously paid.

28.     Because of the above violations of the FDCPA and the Rosenthal Act,

Plaintiff suffered and continues to suffer from personal mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

29.     Because Defendant violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in Civil Code section 1788.17, this conduct or omission also violated the Rosenthal Act.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

30.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

31.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

32.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF
### (Claim for violations of the Rosenthal Act)

33.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief

34.     Defendant's acts and omissions violated the Rosenthal Act including, but not limited to section 1788.17. Defendant's violations of section 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

35.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

36.     Defendant's violations of the Rosenthal Act were willful and knowing,

thereby entitling Plaintiff to statutory damages pursuant to section 1788.30(b) of the Rosenthal Act.

37.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

38.     As a proximate result of the violations by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages and statutory damages for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs of this action.

## THIRD CLAIM FOR RELIEF

### (Negligent Violations of the Telephone Consumer Protection Act)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41.     Because of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

43.     Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

44.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

45.   Because of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1)   Assume jurisdiction in this proceeding;

(2)   Declare that the Defendant violated the FDCPA;

(3)   Declare that the Defendant violated the Rosenthal Act;

(4)   Declare that the Defendant violated the TCPA;

(5)   Award of actual damages, including but not limited to legal fees and costs incurred in defending the State Court Action, in accordance with proof at trial, pursuant to § 1692k(a)(1) of the FDCPA and Civil Code section 1788.30(a) of the Rosenthal Act;

(6)   Award of statutory damages of $1,000.00 pursuant to §1692k(a)(2)(A) of the FDCPA;

(7)   An award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.30(b) of the Rosenthal Act for violation of section 1788.17 of the Rosenthal Act;

(8)   Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) of the FDCPA and Civil Code section 1788.30(c) of the Rosenthal Act;

(9)   Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

(10)   Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to U.S.C. § 227(b)(3)(C);

(11)   Such other and further relief this court may deem just and proper.

//

## <u>TRIAL BY JURY</u>

46.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated March 31, 2014                              **Lester & Associates**
                                                  By      s/ Patric A. Lester
                                                          Attorney for Plaintiff,
                                                          E-mail: pl@lesterlaw.com

COMPLAINT